CINCINNATI BAR ASSOCIATION *v*. HARDY.

[Cite as *Cincinnati Bar Assn. v. Hardy*,

131 Ohio St.3d 1227, 2012-Ohio-1591.]

(No. 2012-0029—Submitted March 21, 2012—Decided March 30, 2012.)

ON MOTION TO HOLD RESPONDENT IN CONTEMPT.

_____

{¶ 1} This matter is before the court upon the filing by movant, Cincinnati Bar Association, of a motion to hold respondent in contempt for failing to obey an order issued by a Master Commissioner of the Board of Commissioners on Grievances and Discipline. On February 29, 2012, this court issued an order for respondent, Kathleen Suzanne Hardy, to appear before the court on March 21, 2012. Respondent did not appear as ordered.

{¶ 2} Upon consideration thereof, it is ordered by this court that the motion is granted. Respondent, Kathleen Hardy, Attorney Registration No. 0067060, last known business address in Cincinnati, Ohio, is found in contempt. Respondent is hereby suspended from the practice of law in Ohio until proof is filed with this court that respondent has complied with the master commissioner's order to undergo a psychiatric examination.

{¶ 3} It is further ordered that respondent immediately cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency, or other public authority.

{¶ 4} It is further ordered that respondent is hereby forbidden to counsel or advise or prepare legal instruments for others or in any manner perform such services.

**{¶ 5}** It is further ordered that respondent is hereby divested of each, any, and all rights, privileges, and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

**{¶ 6}** It is further ordered that before entering into an employment, contractual, or consulting relationship with any attorney or law firm, respondent shall verify that the attorney or law firm has complied with the registration requirements of Gov.Bar R. V(8)(G)(3). If employed pursuant to Gov.Bar R. V(8)(G), respondent shall refrain from direct client contact except as provided in Gov.Bar R. V(8)(G)(1), and from receiving, disbursing, or otherwise handling any client trust funds or property.

**{¶ 7}** It is further ordered that pursuant to Gov.Bar R. X(3)(G), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month, of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(3)(G), respondent shall complete one credit hour of instruction related to professional conduct required by Gov.Bar R. X(3)(A)(1), for each six months, or portion of six months, of the suspension.

**{¶ 8}** It is further ordered that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio, (2) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio, (3) respondent complies with this and all other orders of the court, and (4) this court orders respondent reinstated.

**{¶ 9}** It is further ordered that on or before 30 days from the date of this order, respondent shall:

**{¶ 10}** 1. Notify all clients being represented in pending matters and any co-counsel of respondent's suspension and consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel,

2

also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in respondent's place;

{¶ 11} 2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

{¶ 12} 3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

{¶ 13} 4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties, of respondent's disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

{¶ 14} 5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

{¶ 15} 6. File with the clerk of this court and the disciplinary counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the respondent may receive communications; and

{¶ 16} 7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

{¶ 17} It is further ordered that until such time as respondent fully complies with this order, respondent shall keep the clerk, the Cincinnati Bar Association, and disciplinary counsel advised of any change of address where respondent may receive communications.

**{¶ 18}** It is further ordered, sua sponte, that service shall be deemed made on respondent by sending this order, and all other orders in this case, to respondent's last known address.

**{¶ 19}** It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____