KENTUCKY BAR ASSOCIATION, Movant

v.

Kathleen S. HARDY, Respondent.

No. 2012–SC–000799–KB.

Supreme Court of Kentucky.

May 23, 2013.

## OPINION AND ORDER

MINTON, Chief Justice.

The Kentucky Bar Association has petitioned this Court to impose reciprocal discipline against Kathleen S. Hardy[1] under Kentucky Supreme Court Rule 3.435(4) given that she has been disciplined in the state of Ohio.

In March 2012, the Ohio Supreme Court entered an Order on Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, suspending Hardy from the practice of law in Ohio stating:

This matter is before the court upon the filing by movant, Cincinnati Bar Association, of a motion to hold respondent in contempt for failing to obey an order issued by a Master Commissioner of the Board of Commissioners on Grievances and Discipline. On February 29, 2012, this court issued an order for respondent, Kathleen Suzanne Hardy, to appear before the court on March 21, 2012. Respondent did not appear as ordered.

Upon consideration thereof, it is ordered by this court that the motion is granted. Respondent, Kathleen Hardy, Attorney Registration Number 0067060, last known business address in Cincinnati, Ohio, is found in contempt. Respondent is hereby suspended from the practice of law in Ohio until proof is filed with this court that respondent has complied with the Master Commissioner's order to undergo a psychiatric examination.

*Cincinnati Bar Association v. Kathleen Suzanne Hardy,* 131 Ohio St.3d 1227, 967 N.E.2d 211 (2012).

In December 2012, the KBA moved this Court to issue an order requiring Hardy to show cause why identical reciprocal discipline should not be imposed under SCR 3.435. A show cause order was issued on February 21, 2013, giving Hardy until March 13, 2013 to respond. Hardy failed to file a response, so the issue of what, if any discipline to impose is now ripe for review by this Court.

Under SCR 3.435(4), Hardy is subject to identical discipline within this Commonwealth unless she "[p]roves by substantial evidence: (a) a lack of jurisdiction or fraud in the out-of-court disciplinary proceeding, or (b) that [the] misconduct established warrants substantially different discipline

---

1. Kathleen S. Hardy, KBA No. 87174, was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 1998, and her bar roster address is listed as 9891 Montgomery Road # 264, Cincinnati, Ohio 45242.

in this State." Furthermore, SCR 3.435(4)(c) provides that the Ohio Supreme Court's order, as a "final adjudication in another jurisdiction that an attorney has been guilty of misconduct[,] shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this State."

As Hardy failed to respond to our order for her to show cause why we should not impose reciprocal discipline, and seeing no reason why Hardy should not be subject to identical discipline in this Commonwealth under SCR 3.435, this Court ORDERS:

1) The Kentucky Bar Association's petition for reciprocal discipline is GRANTED. As of the date of this Order, the Respondent, Kathleen S. Hardy, is suspended from the practice of law in the Commonwealth of Kentucky until proof is filed with this Court that she has completed the requirements as ordered by the Ohio Supreme Court;

2) In accordance with SCR 3.450, Respondent is directed to pay any costs associated with these disciplinary proceedings against her, should there be any, and execution of such costs may issue from this Court upon finality of this Opinion and Order; and

3) Should Respondent currently have any clients, under SCR 3.390, she shall, within ten days from the entry of this Opinion and Order, notify all clients, in writing, of her inability to represent them and notify all courts in which she has matters pending of her suspension from the practice of law, and furnish copies of said letters to the Office of Bar Counsel. Furthermore, to the extent possible and necessary, Respondent shall immedi-ately cancel and cease any advertising activities in which she is engaged.

All sitting. All concur.